and Kathy Ashcroft. Let me get to the record in the court so I know when my case was up. The question is, is it up now? It's up now and you're proceeding. Okay. May it please the court. The district court dismissed Mr. Reyes' 1983 cases. Two 1983 cases from 2010 to 2012. 17 and 2018. Because it found that he misrepresented the state of his finances to the court in his informal pop arrest petition. This was error. Evidence will not support anything more than mistake. And the government's arguments are incorrect. The government also wants the court to apply a 2020 case, Robertson v. French, to the district court's decision retroactively, which is improper. Not supported or even permitted by the court's own precedent. Mr. Reyes in 2017, when he filed his first case, disclosed income for approximately four months in gifts of $120. He didn't disclose gifts of $1,500 from June to September 2017 before he filed. And really the question here is whether the failure to disclose was deliberately misleading, a lie, or something less, a mistake or an oversight or a misunderstanding. The government relies on the Robertson v. French, the 2020 case. Which, firstly, is inapposite because it deals with future income streams, whether disclosure of future income is required. And secondly, because the government wants this to be retroactively applied. As I argued in my brief, what was required at the time was a snapshot holding. Robertson, in addition, pointed to the text of the statute that the requirement was 12 months back, but the court didn't rely on that for this decision. So, aside from being inapposite, the court is not really permitted by its own precedent to make a retroactive decision. In an old case from 1992, Banas v. American Airlines. What do you mean by retroactive? I want to make sure I know what you're talking about. I mean, you say retroactive. In order to show that it's supposedly wrong, they're trying to apply this statement from Robertson saying, which was in 2020, saying that he should have stated it 12 months back and apply it to there. Forget Robertson. Ignore Robertson. Okay. Forget it. No more Robertson. You can talk about Robertson all you want in a minute, but what I'm more interested in is why you believe Judge Bruce made an error with respect to the 2017 application. In a non-binding case, but it's a federal appendix case, which generally means cookie-cutter law that doesn't need to be discussed, this court argued that this was Miller v. Hardy. This court argued that what was relevant was the state of the inmates' finances at the time of the filing. That was the way the court understood it and the way Mr. Reyes reasonably would have understood it at that time. So at the time of the filing, Mr. Reyes made an accurate statement of the state of his finances. Let me ask you about that. Okay. This is where I thought we would end up. So let me ask you a question about this from the standpoint of statutory interpretation, Mr. Schwartz. Okay. There's no question that a prisoner's financial condition at the time of filing should be the predominant focus. I think everyone would agree with that. Okay. But why is it that legal error would be committed to consider the six months of income information on a prisoner's account statement that Congress required to be provided in 1915A2? I think it would be error because the Miller v. Hardy case gives a snapshot interpretation. And that may have been wrong. Apparently, in Robinson, the court decided that that was at variance with the textual interpretation of the statute, which certainly appears to be. I don't think there's conflict among all this. I think you all are seeing conflict where there's no conflict. The predominant focus is on the prisoner's assets. It's a snapshot inquiry. But it makes no sense to me that if a district court is presented with facts from embodied within information that Congress required to be provided, and those facts suggest untrue statements of poverty, that a district court would commit legal error to consider the information. That makes no sense to me. Because the court in Miller v. Hardy gave the snapshot view. That's something that Mr. Rays would have reasonably been able to rely on and did, in fact, reasonably rely on. So that gets very fact intensive, then, if you're right, Mr. Schwartz. So what would you say on a fact pattern, where I know it's not your view, the fact's here, where a prisoner said, the law requires a snapshot view. The way the snapshot's going to work in my favor is if I deplete my account now by buying tennis shoes, earbuds, and televisions. And that's my intent. And I'm going to hereby do it. Assume that fact pattern. I know that's not your view of these facts, but assume it. How does that analysis come out? I think that what you need to show is that there's an intent to deplete. So on my hypothetical, it's intentional. Right. Assuming that there's some evidence that it was intentional, I think that should come out against the person declaring. How do you reconcile that with the snapshot view? Your point a few minutes ago was forget the financial activity before the snapshot. It's not legally relevant. That's what Miller v. Hardy says. It doesn't have any exceptions. I didn't write the case. No, I know. I know. You're doing the best you can, and you're doing a fine job. And if it were presented to me to make the decision, I would be inclined to say that if there's independent evidence of an intent to misrepresent things, for example, an intent to deplete for the specific purpose of making a representation to the court at the time that the IFP was filed, that it would appear that the inmate didn't have income. But it would seem to me that in that case, you'd need evidence of basically something like a specific intent to defraud. Just spending the money isn't enough. That's the way I would interpret it. Anything further, Mr. Schwartz? Your time is running. Nope. That's what I have to say. Thank you. Thank you, Your Honor. Thank you, counsel. Mr. Sheffield, Mr. Wimmer, if you want. Good afternoon, and may it please the court. I'm Alex Wimmer on behalf of appellees Wiersham, Miller, Smith, and Maddox. This afternoon, I will address our argument that the district court did not clearly err in finding that Mr. Ray has deliberately deceived the court with his 2017 IFP application. Attorney Sheffield will address our argument that the district court did not abuse its discretion by dismissing the 2017 case with prejudice due to Mr. Ray's dishonesty. Attorney Sheffield will also address the dismissal of the 2018 case. The first question before this court is whether the district court clearly erred when finding that Mr. Ray's allegation of poverty in his IFP application was deliberately untrue. When he did not disclose more than $1,500 he received in the months leading up to his seeking pauper status. Excuse me. The facts in the record show the district court did not clearly err and should be affirmed on this issue. Mr. Ray has filed his initial application dated September 6, 2017, indicating that he received minimal stipends that covered the basic cost of living. He did not disclose the amount or the source of these stipends. Mr. Ray has also attached a trust fund ledger that provided his trust fund account information from January through the beginning of May, 2017. Mr. Ray has did not provide the court with any specific information regarding income or gifts in the three and a half months prior to filing his IFP application. When the trust fund records of those three months were examined by the district court upon motion by the state defendants, they showed Mr. Ray has received more than $1,500 in gifts and income and spent over $700 at the prison commissary. Okay, now what about Mr. Schwartz's argument that you have to address that if we take a snapshot view, none of that matters at all? As your honor correctly pointed out, the PLRA requires that the prisoner submit six months of trust fund records along with the application. And if Mr. Schwartz's argument is correct, as your honor pointed out, they could simply deplete their account in order to accomplish that snapshot view of $0. And it would essentially undermine the intent and purpose of the PLRA's IFP applications by not giving the court an accurate view of the inmate's financial status, not just at the time of filing, but in the months before. So I think it's important, as the district court noted, that courts are able to look at the months before to be sure that they're not depleting their account. Okay, so given that Miller was a non-precedential decision, what rule or standard do you recommend that we adopt if you had to distill it to one or two sentences? My distillation and understanding of the current rule in this type of situation is that the court should determine, number one, did the inmate deliberately deceive the court in the information that was put forward in both the IFP application and the trust fund documents? That should be the primary focus of the decision, whether or not a sanction such as dismissal would be appropriate. The second aspect of that would be whether or not dismissal with or without prejudice is proportional to that deceptive disclosure. So that's my understanding of the law as it is. In this case, Mr. Reyes didn't disclose $1,500 worth of income and chose instead to spend that money in the commissary. On appeal, he makes several explanations for that, which were never heard by the district court. But even if they had been heard by the district court, his explanation is essentially that he feels like he needed to use that money for other things that he deemed important to maintain his standard of living inside the prison. His motion that he alleges he filed with the district court does not make the argument that he was unaware of the amounts in his commissary account or in his trust fund account. His appellate argument does make that argument, but he did not make that argument in his supposedly filed response. He only alleges that he needed that money to make additional payments towards his lifestyle. And for that reason, we believe that this court should affirm the district court's finding that he was deliberately deceptive in omitting that $1,500. And if the court does not have any questions, I see that my time has expired. I ask the district court be affirmed. Thank you. Mr. Sheffield. Good afternoon, Your Honors. Jonathan Sheffield representing the State Appellees. This court should affirm the judgment dismissing Reyes's 2017 action. The district court acted within its discretion in dismissing it for Reyes's intentional material misrepresentations in his 2017 IFP application. I'd like to pick up, though, where co-counsel left off, and that is that Mr. Reyes has not ever filed anything saying that the omission was the product of inadvertence or an oversight. He didn't file a timely submission in the district court. His untimely submission in December after the filing was simply, as our brief mentions, a trust fund statement for an irrelevant period. Never explained that inadvertence was the reason. And so when the district court was going through its analysis about what to do here, it was never given this explanation. And even in the appellate filings, the supposed filing that was given to the law librarian doesn't say that this omission was the product of inadvertence. It says that Mr. Reyes believed that this money was necessary for essentials, and so he did not disclose it to the court, although he didn't intend to deceive the court, he said. But the fact is that this record supports, there is evidence to support the district court's finding that there was fraud committed on the court. And your honors were asking about the statutory focus and whether the snapshot or six months should be the focus. And Judge Scudder, you asked for a rule here. Well, this court's already said several times what the rule should be. A court has in just last year in French, Robertson against French, this court said a court has the power to monitor a prison's financial situation in order to ensure the prisoner does not deplete his trust account in order to avoid paying the filing fee. And it relied on Sultan against Monoglio, where the court discussed how important that was. So I want to just provide that to show that there is a rule here that the courts are maintaining an oversight rule to prevent prisoners from avoiding obligation to pay a fee. And that obligation is to disclose a truthful statement of the financial condition at the time of filing for the past six months as a matter of statute. And here, Mr. Reyes didn't do that. He omitted $1,500 of recent income the past three months, much of which he had spent. And the form that he provided that on warned him that one of the possible sanctions would be dismissal of the case. And so following that, he was confronted with this omission and given the opportunity to explain, and he didn't, as I mentioned. And the district court considered the evidence and decided that it was sufficient to find that he was dishonest with the court about his ability to pay the filing fee up front and that he had spent his money on other things. And so that this court has said is sufficient to warrant the sanction of dismissal. In Kennedy, we had a similar situation. The plaintiff deliberately misrepresented his financial situation on his IFP application by failing to disclose an account balance of $1,400. And this court affirmed the dismissal. And although Kennedy dealt with money that was presently in the account, again, the point of the PLRA is that district courts are required to monitor the prisoner's financial situation to ensure that they are not taking advantage of this statutory benefit. So, again, Kennedy said the dismissal of prejudice is the most appropriate way to send a strong message to all litigants, and particularly those within the prison population like Reyes. The dishonesty of the court will not be tolerated. And that's exactly what the district court did here in the 2017 case. And lastly, just a point about Mr. Reyes arguing that Robertson shouldn't be applied. Robertson reflects this court's current understanding about what the PLRA says. An untrue allegation of poverty means a deliberate misrepresentation. Mr. Chaffin, are you all still of the position we should remand on 18? That is correct, Your Honor. In light of Robertson, the district court should have the opportunity to develop a record on whether the omission in that case, which was a different IFP application, was intentional. Unless there are no further questions, we ask that you affirm the judgment in the 2017 case. Thank you, counsel. Mr. Schwartz, I don't think you have any time left, but did you have something else you wanted to add? Very briefly, the state does a sort of clever thing. It presumes dishonesty rather than requiring it to be shown simply by a variance from the facts from the statement. Whereas I would suggest that in a case like this, there should be additional showing of dishonesty rather than plain variance, which could be attributed to oversight, inadvertence, failure to understand. And I don't think that that presumption should apply in this case. Thank you, Mr. Schwartz. Thanks to all counsel, and the case will be taken under advisement. Thank you. And the court will be in recess.